USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TYRONE SIMMONS,

                             Petitioner,

-against-

UNITED STATES OF AMERICA,

                             Respondent.
------------------------------------------------------------- X

**ORDER DENYING PETITION FOR HABEAS CORPUS**

16 Civ. 4797 (AKH)
08 Cr. 1133 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Tyrone Simmons filed this petition on June 22, 2016, pursuant to 28 U.S.C. § 2255, to vacate his conviction for brandishing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* ECF No. 1. Petitioner argues that his conviction was predicated upon a charge of conspiracy to commit a Hobbs Act robbery, and that this predicate has been held invalid by the Supreme Court and the Second Circuit. Petitioner also argues that a charge of attempt to commit a Hobbs Act robbery, a crime to which he also pleaded guilty, cannot act as a § 924(c) predicate.

       The petition is denied. Petitioner pleaded to brandishing a firearm in furtherance of an attempt to commit a Hobbs Act robbery, and attempt remains a valid § 924(c) predicate.

## Background

       On September 15, 2010, Petitioner was charged in a three-count information (the "Information") with (1) conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(b); (2) attempted Hobbs Act Robbery, *see id.*; and (3) carrying and use of a firearm in furtherance of both the charged Hobbs Act conspiracy and Hobbs Act attempt, *see* 18 U.S.C. § 924(c)(1). *See* 8-cr-1133, ECF No. 81. As to the charged attempt, the Information alleged:

> On or about July 14, 2007, in the Southern District of New York, Tyrone Simmons, the defendant, unlawfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce

and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, Simmons, along with others not named as defendants herein, attempted to commit an armed robbery of a suspected narcotics trafficker . . .

8-cr-1133, ECF No. 81, at 4. As to the charged § 924(c) offense, the Information charged:

> From in or about July 2007 through in or about December 2007, in the Southern District of New York, Tyrone Simmons, the defendant, unlawfully, willfully, and knowingly, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count One of this Information and the attempted robbery charged in Count Two of this Information, did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

*Id.* at 4-5. Petitioner pleaded guilty to all three Counts in the Information pursuant to a plea agreement dated September 8, 2010, and signed by Petitioner and his attorney on September 15, 2010. *See* Pl. Br. Ex. B., at 1.

The plea agreement described the § 924(c) firearm count, Count Three, in relation to the robbery conspiracy charged in Count One:

> Count Three of the Information charges the defendant with using, carrying, and possessing firearms, and aiding and abetting the same, which were brandished during and in relation to the robbery conspiracy charged in Count One . . .

*Id.* at 1-2.

At Petitioner's plea allocution taken September 15, 2010, the government described Count Three consistently with the plea agreement, *i.e.*, as a brandishing of a firearm "in furtherance of the crime of violence charged in Count One of the information; that is, the robbery conspiracy":

> Count Three, which is the gun charge, has two elements: First, that on or about the date charged in the information; that is, July 14, 2007, the defendant knowingly brandished or aided and abetted the brandishing of a firearm by another; And, second, that the defendant possessed or used the firearm which was brandished or aided and abetted the brandishing of a firearm by another in furtherance of the crime of violence charged in Count One of the information; that is, the robbery conspiracy.

2

Pl. Br. Ex. C, at 11:12-21.

However, Petitioner allocuted, not to the conspiracy alleged in Count One of the Information, but rather to the attempted robberies alleged in Count Two. *See id.* The following exchange took place:

> **The Court:** Tell me what you did. To make it easier for you, there is a table set out . . . showing dates of [twelve] robberies or attempted robberies between July 14, 2007 and December 10, 2007. Were you involved in each and all of those robberies—
>
> **The Defendant:** Yes.
>
> **The Court:** —or attempted robberies? And with respect to the Yonkers one in item A, were you inside the apartment?
>
> **The Defendant:** Yes.
>
> **The Court:** Did you have a gun?
>
> **The Defendant:** Yes.
>
> **The Court:** Did you show that gun?
>
> **The Defendant:** Yes.
>
> **The Court:** Did you use that gun in effect to scare the person into compliance with what you wanted to do?
>
> **The Defendant:** Yes.
>
> **The Court:** Did you have a gun at any of the other robberies or attempted robberies?
>
> **The Defendant:** Yes, there w[ere] guns used.
>
> **The Court:** There were guns used. In all of them?
>
> **The Defendant:** Yes.

*Id.* at 15:21-16:17.

On November 18, 2010, I sentenced Petitioner to 219 months' imprisonment: 135 months concurrently on Counts One and Two, and, consecutively, 84 months, on Count Three. *See* 8-cr-1133, ECF No. 97, at 2.

Petitioner filed this § 2255 action in June 2016. *See* ECF No. 1. With the consent of the parties, I stayed the case to await decisions in ongoing Second Circuit and Supreme Court litigation bearing on Petitioner's claims. After *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), holding that a conspiracy to commit a Hobbs Act robbery is not a "crime of violence" sufficient to be predicate offense to § 924(c), I lifted the stay.

### Discussion

When a § 924(c) conviction rests upon both a conspiracy to commit Hobbs Act robbery and a separate valid § 924(c) predicate offense, the conviction remains valid, even after *Davis* and *Barrett*. *See, e.g., United States v. Walker*, --- F. App'x ---, 2019 WL 4896839, at *2 (Oct. 4, 2019); *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) ("[A]lthough Navarro pled guilty to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and [a valid predicate offense].").

There are two questions to be decided: (1) is an attempt to commit a Hobbs Act robbery a "crime of violence" under 18 U.S.C. § 924(c); and (2) was the Information to which Petitioner pleaded narrowed by his plea agreement and/or the description of the § 924(c) offense provided by the government at his plea hearing. I hold that attempt to commit Hobbs Act robbery is a crime of violence and that, notwithstanding the plea agreement and description of

4

the § 924(c) offense at his plea, Petitioner pleaded to brandishing a firearm in furtherance of an attempt to commit Hobbs Act robbery.[1]

### A. Attempt to Commit a Hobs Act Robbery is a § 924(c) Crime of Violence

Section 924(c) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In order to decide if an offense is a "crime of violence" under this clause, courts apply the so-called "categorical approach," which entails determining the "minimum criminal conduct necessary for conviction under a particular statute." *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quotation marks omitted). In Petitioner's case, the relevant offense is the Hobbs Act. *See* 8-cr-1133, ECF No. 81. The Hobbs Act provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . .

*Id.* at § 1951(b)(1).

To "establish attempt, the government must prove that a defendant had the intent to commit the underlying crime and that he took a substantial step toward its completion." *United States v. Gagliardi*, 506 F.3d 140, 150 (2d Cir. 2007). Conspiracy, on the other hand,

---

[1] In several recent orders, I rejected the government's argument that petitioners in comparable situations to that of the Petitioner here procedurally defaulted on their respective § 2255 challenges. *See Camacho v. United States*, 17-cv-5199, ECF No. 675; *Roman v. United States*, 16-cv-4829, ECF No. 12; *Jimenez v. United States*, 16-cv-4653, ECF No. 6. For the same reasons outlined in those orders, I reject the government's contention here that Petitioner has procedurally defaulted. *See* ECF No. 13, at 4. Accordingly, I proceed to the merits.

requires "an agreement by two or more persons to commit any offense against the United States and an overt act to effect the object of the conspiracy." *United States v. Chimurenga*, 760 F.2d 400, 404 (2d Cir. 1985). Thus, whereas attempt requires that a defendant take a substantial step toward completion of the underlying crime, conspiracy does not.

In a recent case before the Eastern District of New York, Judge Matsumoto held that an attempt to commit a Hobbs Act robbery is a crime of violence under § 924(c), reasoning in relevant part as follows:

> [T]he Second Circuit has squarely held that substantive Hobbs Act robbery qualifies as a crime of violence . . . .
>
> [T]he Second Circuit has yet to determine whether attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c) . . . . Nor has any district court in the Second Circuit ruled on this specific question, as of the date of this Memorandum and Order.
>
> The Second Circuit has, however, indicated that where a substantive offense is a crime of violence under § 924(c), an attempt to commit that offense similarly qualifies . . . . This is in line with precedent around the country.

*United States v. Jefferys*, No. 18-cr-359, 2019 WL 5103822, at *5-7 (E.D.N.Y. Oct. 11, 2019) (internal citations omitted); *see also, e.g., United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c) . . .").[2]

I agree with Judge Matsumoto's analysis. Section 924(c) expressly includes "attempted use" of force in its definition, and Hobbs Act robbery requires the taking of property by "actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b). Taking a substantial step toward completion of such a robbery categorically involves the attempted or

---

[2] Petitioner attempts in a footnote to distinguish *Jefferys* by arguing that Judge Matsumoto "explicitly noted in her ruling that the defendant's brief did not contain the necessary analysis to support his position," and that this missing "analysis is present here." Pl. Reply, 8-cr-1133, ECF No. 163, at 7 n.5. This claim omits that Judge Matsumoto also stated that despite defendant's failure to "provide a persuasive analysis" or "apply the categorical approach," she would "nonetheless address the defendant's argument" on the merits. *Jefferys*, 2019 WL 5103822, at *6.

6

threatened use of force. And as Judge Matsumoto observed, this Circuit has found Hobbs Act robbery to be a crime of violence, *see United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) and this Circuit and others have found that attempts to commit crimes of violence are themselves crimes of violence. *See, e.g., United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018); *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016) ("The 'attempt' portion of [the] conviction does not alter our determination that the conviction is a crime of violence.").

    B. Neither the Plea Agreement nor the Prosecutor's Explanation of the § 924(c) Offense at Petitioner's Plea Hearing Narrowed the Information

Petitioner pleaded guilty to all three Counts in the Information: the § 924(c) gun count (Count Three), and both charged predicates, *i.e.*, attempt to commit a Hobbs Act robbery (Count Two) and conspiracy to commit a Hobbs Act robbery (Count One). The Information specified that Count Three was predicated upon both the conspiracy and the attempt Counts. And Petitioner's allocution was a clear confession to brandishing a firearm in furtherance of an attempt to commit Hobbs Act robbery. Petitioner testified that during at least one robbery attempt he brandished a firearm to frighten a would-be victim into compliance, and that he used a gun in every single one of the charged robberies.[3]

The Information was not amended, constructively or otherwise. Although the plea agreement described the § 924(c) offense as based on the Hobbs Act conspiracy alleged in Count One of the Information and not the attempt alleged in Count Two, and although the government's description of the § 924(c) offense at Petitioner's plea hearing was consistent with the plea agreement, Petitioner also pleaded guilty to the attempt charge alleged in Count Two of the Information, separately and as a predicate to Count Three. The Information gave clear notice

---

[3] This case is, therefore, in stark contrast to several recent *Davis*-motivated habeas petitions addressed by this Court, in which I observed that the allocutions therein failed to address any potential predicate offense aside from Hobbs Act robbery conspiracy. *See supra* note 1. I note that in those cases, the defendants also had *not* pleaded guilty to attempted Hobbs Act robbery or another valid predicate. *See Camacho*, 17-cv-5199, ECF No. 13, at 1-2; *Roman*, 16-cv-4829, ECF No. 12, at 1-2; *Jimenez*, 16-cv-4653, ECF No. 6, at 1-2.

7

to Petitioner that both the Hobbs Act Conspiracy and the Hobbs Act Attempt were predicates for Count Three, the § 924(c) Count. His allocution made it even clearer that the 924(c) Count was, in fact, predicated upon the attempt. The government's descriptions did not amend, or narrow, the Information. *Cf., e.g., United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) ("Not every divergence from the terms of an indictment, however, qualifies as a constructive amendment."); *id.* ("We have consistently permitted significant flexibility in proof adduced at trial to support a defendant's conviction, provided that the defendant was given notice of the core criminality to be proven against him.") (quotation marks omitted).

## Conclusion

For all the foregoing reasons, the § 2255 petition is denied. The Clerk shall terminate the open motion (8-cr-1133, ECF No. 131).

SO ORDERED.

Dated: November 15, 2019
       New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge